IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


PETER TERENCE RUSS,
    Plaintiff,

vs.                                    Case No.: 5:10cv289/RS/EMT

UNKNOWN FEDERAL AGENTCY [sic],
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint (Doc. 8). The filing fee has been paid. Upon review of the complaint, the court concludes that Plaintiff has not established a jurisdictional basis for this action. Therefore, it should be dismissed.

Plaintiff names an unidentified federal agency as the sole Defendant in this action (Doc. 8 at 1, 2). He alleges that since 2001, he has been harassed by a federal agency, which he cannot identify because it operates in secret, "blackout vans, homes, etc." (*id.* at 3). Plaintiff believes the agency has been misdirecting his mail and electronic communications (*id.*). Plaintiff states the agency has used his family, friends, and co-workers to put undue stress on him, which caused him to engage in "work force violence" (*id.* at 3–4).[1] Plaintiff claims that the harassment violates his due process rights because he has not been notified of any crime he is accused of committing (*id.* at 4). As relief, he seeks an injunction notifying the federal agency that it is acting illegally and must cease from further harassment (*id.*).

---

[1] In Plaintiff's original complaint, he alleged that the harassment began in 1998, when a neighbor contacted police and told them untrue things about him (*see* Doc. 1). He states the police never determined that he did anything illegal (*id.*). Plaintiff alleged that a federal agency (possibly the FBI or NSA), was using his family, friends, and former co-workers to gain intelligence about him and manipulate him (*id.*). He also claimed that the agency was using his children to aggravate him (*id.*), so he filed a report with the state child protection agency (*id.*).


Rule 8 of the Federal Rules of Civil Procedure provides that the complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005); University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); *see also* Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at *1 (7th Cir. 2004). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted). Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure. *Id.* (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a substantial federal claim. Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to

be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Liberally construing the allegations of the complaint in the instant case, Plaintiff's due process claim is frivolous. The Due Process Clause protects individuals against arbitrary exercises of government power, but "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 845–46, 118 S. Ct. 1708, 1716, 140 L. Ed. 2d 1043 (1998) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129, 112 S. Ct. 1061, 1071, 117 L. Ed. 2d 261 (1992)). To be arbitrary in the constitutional sense, an executive abuse of power must "shock[ ] the conscience." *Id.* at 846. "[T]he constitutional concept of conscience shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *Id.* at 848. The Due Process Clause does not "impos[e] liability whenever someone cloaked with [government] authority causes harm." *Id.* "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 849. Both the Eleventh Circuit and the Supreme Court have repeatedly stated that the Fourteenth Amendment is not a "font of tort law" that can be used, through a civil rights action, to convert a tort claim into a constitutional injury. *See* Neal ex rel. Neal v. Fulton County Bd. of Educ., 229 F.3d 1069, 1074 (11th Cir. 2000); *see also* Lewis, 523 U.S. at 848.

In the instant case, Plaintiff's contention that misdirecting his mail and electronic communications and imposing stress on him through his family, friends, and co-workers is sufficiently egregious or conscience-shocking to violate the Fourteenth Amendment is indisputably meritless. Therefore, this action should be dismissed for failure to state a substantial federal claim.

Case No: 5:10cv289/RS/EMT

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be **DISMISSED** for lack of jurisdiction.
2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of December 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**